UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD H., <br>     Plaintiff, <br> v. <br> MARTIN O'MALLEY, <br>     Defendant. | Case No. 3:20-cv-02866-JSC <br><br> **ORDER RE: MOTION FOR ATTORNEY'S FEES** <br><br> Re: Dkt. No. 27 |

Plaintiff's counsel, Harvey Sackett, moves for attorney's fees pursuant to 42 U.S.C. § 406(b) for representing Plaintiff in his successful appeal of the Commissioner of the Social Security Administration's denial of social security disability benefits. (Dkt. No. 27.[1]) After careful consideration of Plaintiff's motion and the relevant legal authority, the Court determines oral argument is unnecessary, *see* N.D. Cal. Civ. L.R. 7-1(b), and GRANTS the motion for attorney's fees pursuant to Section 406(b).

**BACKGROUND**

This case stems from Plaintiff's appeal of the Social Security Administration's denial of social security benefits for a combination of physical and mental impairments, including: history of gunshot wound to the left leg, status-post surgery to insert a rod in the left leg, chronic pain in the left leg, depressive disorder, and post-traumatic stress disorder. (Dkt. No. 20-1 at 9.) On April 27, 2021, the Court granted the parties' joint stipulation to voluntary remand pursuant to sentence four of 42 U.S.C. § 405(g) and remanded the action to the SSA for further proceedings. (Dkt. No. 24.) On July 20, 2021, the Court granted the parties' stipulation and awarded Plaintiff's counsel

---

[1] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

$3,947.59 in fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). (Dkt. No. 26.)

Following remand, the SSA found Plaintiff disabled. (Dkt. No. 27-2.) On September 19, 2023, Plaintiff was notified he had been awarded disability benefits as of August 26, 2011. (*Id.* at 11.) On January 19, 2024, Plaintiff was advised he had been awarded $142,248.06 in past due benefits. (Dkt. No. 27-3.) Of this amount, $49,392 has been sent to Alameda County as repayment for General Assistance payments Plaintiff received. (Dkt. No. 29 at 3.) After this deduction, Plaintiff's remaining backpay was $92,756.06, 25 percent of which ($23,189.02) has been withheld for payment of attorney's fees. (*Id.*[2]) Pursuant to Plaintiff and his counsel's contingency fee agreement for this case, counsel may seek fees up to 25 percent of any past-due benefits awarded to Plaintiff. (Dkt. No. 27-4.) Plaintiff now seeks attorney's fees in the amount of $23,189.02. Plaintiff's counsel served Plaintiff with a copy of the motion. (Dkt. No. 27-8.) The Commissioner filed a response in which he took no position on Plaintiff's motion. (Dkt. No. 32.)

**LEGAL STANDARD**

Section 406(b) provides "[w]henever a court renders a judgment favorable to a [social security] claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee" to claimant's attorney; such a fee can be no more than 25 percent of the total of past-due benefits awarded to the claimant. 42 U.S.C. § 406(b)(1)(A). A court may award such a fee even if the court's judgment did not immediately result in an award of past-due benefits; where the court, for instance, remands for further consideration, the court may calculate the 25 percent fee based upon any past-due benefits awarded on remand. *See, e.g., Crawford v. Astrue*, 586 F.3d 1142, 1144 (9th Cir. 2009) (en banc).

Under Section 406(b), a court must serve "as an independent check" of contingency fee agreements "to assure that they yield reasonable results." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002). Section 406(b) "does not displace contingent-fee agreements within the statutory

---

[2] SSA has not provided an updated notice of award to reflect this information. Instead, it is contained in a Declaration from Nancy Simmons, Mr. Sackett's Finance Coordinator. (Dkt. No. 29.) The Commissioner has confirmed these amounts are correct. (Dkt. No. 32 at 2.)

ceiling; instead, [Section] 406(b) instructs courts to review for reasonableness fees yielded by those agreements." *Id*. at 808-09. The court's review of a fee agreement is based on the character of the representation and the results achieved, *see Gisbrecht*, 535 U.S. at 808, and can include analyzing: whether counsel provided substandard representation; any dilatory conduct by counsel to accumulate additional fees; whether the requested fees are excessively large in relation to the benefits achieved; and the risk counsel assumed by accepting the case. *See Crawford*, 586 F.3d at 1151-52.

A court must offset an award of Section 406(b) attorneys' fees by any award of fees granted under the EAJA. *See Gisbrecht*, 535 U.S. at 796; *Parrish v. Comm'r of Soc. Sec. Admin.*, 698 F.3d 1215, 1218 (9th Cir. 2012).

**DISCUSSION**

Plaintiff's counsel has demonstrated the amount of fees requested is reasonable for the services rendered. *See Gisbrecht*, 535 U.S. at 807.

First, while not dispositive, Plaintiff's and counsel's contingency fee agreement is within the 25 percent threshold permitted under Section 406(b), as the agreement provides counsel will not ask for a fee of more than 25 percent of the total past-due benefits awarded. (Dkt. No. 27-4.)

Second, there is no indication a reduction in fees is warranted due to any substandard performance by counsel or counsel delayed these proceedings in an effort to increase the amount of fees awarded. To the contrary, counsel provided substantial work and achieved favorable results for Plaintiff as the Commissioner agreed to a voluntary remand for further proceedings after receipt of Plaintiff's motion for summary judgment. (Dkt. No. 23.)

Nor is the amount of fees, $23,189.02, excessive. *See, e.g.*, *Ciletti v. Berryhill*, No. 17-CV-05646-EMC, 2019 WL 144584, at *2 (N.D. Cal. Jan. 9, 2019) (awarding $35,442.00 in fees following an award of $150,993 in past-due benefits); *G.S. v. Kijakazi*, No. 19-CV-07543-JSC, 2022 WL 1452772, at *2 (N.D. Cal. May 9, 2022) (awarding fees in the amount of $30,233 following a past-due benefit 3 award of $120,932); *Eckert v. Berryhill*, No. 15-CV-04461-JCS, 2017 WL 3977379, at *3 (N.D. Cal. Sept. 11, 2017) (awarding $16,566.25 in fees following an award of $66,265 in retroactive benefits); *Devigili v. Berryhill*, No. 15-CV-02237-SI, 2017 WL

3

2462194, at *2 (N.D. Cal. June 7, 2017) (awarding $15,278.00 in fees following an award of $76,391.00 in retroactive benefits).

Lastly, the Court finds Plaintiff's counsel assumed a substantial risk of not recovering fees when he accepted this case. At the time counsel filed this action, the SSA had completely denied Plaintiff any requested benefits, and counsel could not know the Commissioner would agree to a remand. Accordingly, the Court finds the amount of requested fees is reasonable.

## CONCLUSION

For the reasons described above, the Court GRANTS Plaintiff's counsel's motion for fees. The Commissioner is directed to certify fees under 42 U.S.C. § 406(b) in the amount of $23,189.02 payable to the Law Office of Sackett and Associates.  Plaintiff's counsel is ordered to refund the previously awarded EAJA fees, in the amount of $3,947.59 to Plaintiff.

This Order disposes of Docket No. 27.

**IT IS SO ORDERED.**

Dated: April 19, 2024

_____
JACQUELINE SCOTT CORLEY
United States District Judge